IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tonya Harmon and Wendell Harmon, | ) | C.A. No.: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs have complied with all statutory pre-suit requirements. *See* Form 95's and corresponding exhibits confirmed served on the United States Department of Health and Human Affairs on June 1, 2021, attached hereto as **Exhibit 1**. As of the date of this filing, Defendant has not made a final disposition of Plaintiffs' pre-suit claims and therefore this suit is timely pursuant to 28 U.S.C. § 2675(a) and 45 C.F.R. § 35.2(b). An Affidavit of Merit from Timothy Beck, M.D., a physician qualified and competent to render opinions relating to the subject providers, is attached hereto as **Exhibit 2**.

********************

The Plaintiff, complaining of the above-named Defendant, would respectfully show:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Tonya Harmon and Wendell Harmon are citizens and resident of Marlboro County, South Carolina. Presently and at all times relevant to this action, Wendell Harmon is and was the lawful spouse of Tonya Harmon.

2. Upon information and belief, at all times material hereto, CareSouth Carolina, Inc. ("CareSouth") was the owner and operator of a medical facility located at 737 S Main St, Society Hill, SC 29593 ("the Facility").

1

3. Barbara Wright, FNP ("Wright") is, upon information and belief, a licensed nurse practitioner who undertook to provide care and treatment for Mrs. Harmon at the Facility and had a healthcare provider/patient relationship with Mrs. Harmon at all times material hereto.

4. Pickens Moyd, Jr., M.D. ("Moyd") and Stephen L. Smith, M.D. ("Smith") are, upon information and belief, licensed physicians who undertook to provide care and treatment for Mrs. Harmon at the Facility and had a physician/patient relationship with Mrs. Harmon at all times material hereto.

5. Upon information and belief, at all times material hereto, Wright, Moyd, and Smith and the staff working at CareSouth (collectively "Providers") were the employees, actual agents and/or apparent agents of CareSouth and had express authority and permission from CareSouth provide healthcare services at the Facility. At all times material hereto, Providers were acting within the scope of their employment and/or agency. Under the doctrines of *respondeat superior*, apparent authority, agency, ostensible agency, and/or non-delegable duty, CareSouth is liable for the negligent acts and omissions of its employees, agents and/or servants, including but not limited to Wright, Moyd, Smith, and the other individuals and staff working at CareSouth. *See Lane v. Modern Music, Inc.*, 244 S.C. 299, 304, 136 S.E.2d 713, 716 (1964); *Simmons v. Tuomey Reg'l. Med. Ctr.*, 341 S.C. 32, 533 S.E.2d 312 (2000).

6. Upon information and belief, Moyd and Smith were the physicians assigned to supervise Wright. Pursuant to South Carolina law, Moyd and Smith had a duty to manager, supervise and/or direct Wright as well as CareSouth's other staff.

7. Upon further information and belief, CareSouth, Wright, and Moyd were responsible for ensuring that Wright practiced only within her written, approved, and annually reviewed, practice agreement.

8. Upon information and belief, at all times material hereto, the Facility was a "health center" in accordance with 42 U.S. § 254B. Upon further information and belief, the conduct of CareSouth and its Providers resulting in damages to the Plaintiff, as alleged herein, **_may_**, in whole or in part be considered the performance of medical functions. If that is the case, in accordance with 42 U.S. Code § 233, the United States of America is to be the named party for claims related to the medically related conduct of CareSouth and its employees, representatives, actual agents, and/or apparent agents, including but not limited to Providers acting within the scope of their employment for medically related conduct.

9. Upon information and belief, this Court has jurisdiction over the Defendant and this matter pursuant to 42 U.S. § 254B and 42 U.S. Code § 233.

10. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

11. In December 2016, Mrs. Harmon reported to Providers that she was experiencing abdominal pain. In response, Providers ordered multiple imaging studies, which were performed in December 2016 and January 2017.

12. In the written reports for these imaging studies, the reviewing radiologist(s) found a relatively small lesion (19mm or 2.2cm X 3cm) in Mrs. Harmon's liver. Upon information and belief, these written reports were provided to the Providers including Wright.

13. Upon information and belief, the Providers failed to order additional imaging or further evaluate the lesion.

14. Mrs. Harmon was informed by Providers only that her abdominal pain was a result of gallstones and was never informed of the lesion in her liver.

15. Providers never communicated to Mrs. Harmon the need for additional imaging or testing.

16. Providers failed to provide Mrs. Harmon with the aforementioned imaging studies.

17. Providers never communicated the reviewing radiologists' findings to Mrs. Harmon.

18. Providers never communicated to Mrs. Harmon the possibility that there was a malignant lesion on her liver.

19. The lesion in Mrs. Harmon's liver was malignant, and as a result of Defendant's acts and commissions (including the failure to order additional necessary imaging, communication failures by Providers, and failures to educate, train, manage, supervise, and/or direct Wright and/or other staff), the malignant liver tumor went undiagnosed and untreated for approximately three years.

20. As a direct and proximate result of CareSouth and the Providers' negligent, grossly negligent, reckless, careless, and/or wanton acts and omissions, the cancerous tumor was allowed to grow and spread substantially during the approximately three years that it went untreated, becoming approximately 13cm in diameter by the time it was ultimately diagnosed.

21. Upon further information and belief, CareSouth, Moyd, and Smith allowed Wright to practice medicine outside the scope of her written practice agreement; failed to have a written practice agreement for Wright; and/or failed to annually review Wright's written practice agreement as required by law. These failures were a breach of the applicable standard of care of a primary medical provider, and as a direct and proximate result of these failures the cancerous tumor went undiagnosed and untreated and was allowed to grow and spread substantially during the three years it went untreated, becoming approximately 13cm in diameter by the time it was ultimately diagnosed.

22. The failures herein were a breach of the applicable standard of care of a primary medical provider.

23. The failures described herein were proximately caused by CareSouth, Moyd, and Smith's failure to educate, train, manage, supervise, and/or direct Wright and/or other staff.

24. Because of Providers' deviations from accepted medical standards and their negligent, grossly negligent, reckless, careless, and/or wanton conduct, the cancerous cells in Mrs. Harmon's liver were allowed to spread and grow for a considerable amount of time, thus requiring different and greater treatment and worsening her prognosis.

### FOR A FIRST CAUSE OF ACTION
**(Medical Malpractice)**

25. Plaintiffs incorporate each and every paragraph previous stated as if repeated herein verbatim.

26. Upon information and belief, for the reasons set forth herein and further determined through discovery in this matter, the Defendant, by and through its agents and servants operating within the scope of their employment, deviated from the applicable standard of care and/or was negligent, grossly negligent, reckless, careless, and/or wanton as relates to the care and treatment of Mrs. Harmon.

27. As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, careless, and/or wanton conduct described herein, the cancerous tumor was allowed to grow and spread substantially during the three years it went untreated, becoming approximately 13cm in size at the time it was diagnosed.

28. Because of the Defendant's negligent, grossly negligent, reckless, careless, and/or wanton conduct, the cancerous cells in Mrs. Harmons' liver were allowed to spread and grow for a considerable amount of time, thus requiring different care, greater treatment, and worsening her prognosis.

29. As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, careless, and/or wanton conduct described herein, Mrs. Harmon has and will suffer the following injuries and damages for which she is entitled to receive compensation: (a) permanent physical injury and impairment; (b) pain and suffering; (c) mental and emotion anguish; (d) loss of enjoyment of life; (e) impairment of health and loss of life expectancy; (f) expenditure of money for medical expenses, therapies, and other ancillary medical and health-related services; (g) lost income and loss of household services; and (h) other damages as may be proven.

30. Due to the aforementioned injuries that Defendant proximately caused as a result of its acts and omissions described above, Mrs. Harmon is entitled to actual damages, and consequential damages from the Defendant in the amounts as a finder of fact may determine.

## FOR A SECOND CAUSE OF ACTION
### (Loss of Consortium)

31. Plaintiffs incorporate each and every paragraph previous stated as if repeated herein verbatim.

32. As described in the paragraphs above, the Defendant, by and through its agents and servants operating within the scope of their employment, deviated from the applicable standard of care and/or was negligent, grossly negligent, reckless, careless, and/or wanton as it relates to its care and treatment of Mrs. Harmon.

33. Tonya Harmon and Wendell Harmon are a legally married couple living together as husband and wife at their marital residence in the State of South Carolina. Presently and at all times relevant to this action, Wendell Harmon is and was the lawful spouse of Tonya Harmon.

34. As a result of Defendant's agents' negligent, grossly negligent, reckless, careless, and/or wanton conduct as set forth above, Wendell Harmon is entitled to recover from Defendant the requested relief as set forth herein in accordance with S.C. Code § 15-75-20.

35. As a direct and proximate result of the injuries to his spouse, Wendell Harmon has and will suffer the following injuries and damages for which he is entitled to receive compensation: (a) loss of the aid of his spouse; (b) loss of society and companionship of his spouse; (c) loss of services of his spouse; (d) time spent providing various medical, therapeutic, and other ancillary health-related services for his spouse; (e) mental anguish; and (f) other damages as may be proven.

36. Due to the aforementioned injuries that Defendant proximately caused as a result of its acts and omissions described above, Wendell Harmon (in his own right as Tonya Harmon's spouse) is entitled to actual damages and consequential damages from the Defendant in the amounts as a fact finder may determine.

**FOR A THIRD CAUSE OF ACTION**
**(Negligent Training, Management, and Supervision)**

37. Plaintiffs incorporate each and every paragraph previous stated as if repeated herein verbatim.

38. Defendant, by and through its agents, which included CareSouth, Moyd, and Smith, had a duty to ensure that the proper education, training, management, supervision, and/or direction of their nurse practitioners (including Wright) and other staff.

39. Upon information and belief and as described above, CareSouth, Moyd, and Smith, acting on behalf of Defendant, failed to properly train, manage, and/or supervise staff; failed to properly train and educate Wright and allowed her to practice medicine outside the scope of her written practice agreement; failed to have a written practice agreement for Wright; and/or failed to annually review Wright's written practice agreement as required by law. These failures were a breach of the applicable standard of care of a primary medical provider.

40. As a direct and proximate result of CareSouth, Moyd, and Smith's negligent, grossly negligent, reckless, careless, and/or wanton failure to ensure that the nurse practitioners and staff

they managed and/or directed were properly trained, educated manager and supervised, Plaintiffs have suffered the injuries and damages set forth above and are entitled to compensation for such injuries and damages as set forth above.

### ***IN THE <u>ALTERNATIVE</u>*** [1]
### FOR A FOURTH CAUSE OF ACTION
### (Wrongful Death)

41. Plaintiffs incorporate each and every paragraph previous stated as if repeated herein verbatim.

42. As described in the paragraphs above, the Defendant, by and through its agents and/or servants acting within the scope of their employment, was negligent, grossly negligent, reckless, careless, and/or wanton, thereby proximately causing Mrs. Harmon's death.

43. As a direct and proximate result of Mrs. Harmon's death, her statutory beneficiaries have and will suffer the following injuries and damages, for which they are entitled to compensation: (a) shock; (b) grief; (c) sorrow; (d) wounded feelings; (e) loss of companionship and society; (f) the loss of Mrs. Harmon's advice on family matters; (g) pecuniary loss; and (h) other injuries and damages as may be proven.

44. Due to the aforementioned injuries that Defendant proximately caused as a result of its acts and omissions described above, Mrs. Harmon's statutory beneficiaries are entitled to actual

---

[1] Although Mrs. Harmon is currently living, it is anticipated that, more likely than not, she will die as a result of this cancer. Upon further information and belief, more likely than not, her death, will be a result of the Defendant's agents' acts and omissions complained of and as set forth herein. If Mrs. Harmon does not succumb to cancer during the pendency of this case, this alternative cause action will not be pursued. However, if such death occurs during the pendency of this lawsuit, this alternative cause of action, for wrongful death pursuant to S.C. Code § 15-51-10, *et seq.*, should be deemed to apply. **In summary, this alternative action should be deemed to have been brought only in the event that Mrs. Harmon passes away during the pendency of this case.**

damages and consequential damages from the Defendant in the amounts as a fact finding may determine.

## **RELIEF REQUESTED**

**WHEREFORE**, the Plaintiffs pray that the Court hold the Defendant liable for the conduct complained of herein, to enter judgment against the Defendant and in favor of the Plaintiffs, and to award actual damages and consequential damages and for other such relief as this Court deems just and equitable.

Respectfully submitted,

This day, December 2, 2021.

| | |
|---|---|
| s/ *Francis M. Hinson, IV* | s/ *J. Michael Baxley* |
| Francis M. Hinson, IV (Fed ID # 9997) | Douglas Jennings, Esq. (Fed ID # 2168) |
| Carl D. Hiller (Fed ID # 11755) | J. Michael Baxley (Fed ID # 1248) |
| HHP LAW GROUP, LLC | DOUGLAS JENNINGS LAW FIRM, LLC |
| 924 Gervais Street | P.O. Box 995 |
| Columbia, SC 29201 | Bennettsville, SC 29512 |
| T: 803-400-8277 | T: 843-479-2865 |
| E: brink@hhplawgroup.com | E: doug@jenningslawoffice.com |
| E: carl@hhplawgroup.com | E: mike@jenningslawoffice.com |
| *Attorneys for Plaintiff Tonya Harmon* | *Attorneys for Plaintiff Wendell Harmon* |